THOMPSON, Judge,
concurring specially.
I agree with the well reasoned opinion of my brethren. I agree that we have an egregious situation, the unlawful detention of a juvenile, but because HRS elected to file a writ of certiorari instead of a writ of prohibition, we are unable to grant relief.
B.S. was detained for a delinquent act in 1993. The state attorney of the Ninth Judicial Circuit filed a petition for delinquency on 13 October 1993. As a result of the petition, the child was found to have committed the delinquent act. The child was set for his disposition hearing on 19 November 1993 and at that hearing adjudication of delinquency was withheld and the child was placed on community control under the supervision of HRS. The child was supervised by HRS until 22 March 1994. On that date, at the recommendation of HRS, the juvenile judge terminated community control and HRS’ supervision of B.S. In the order, however, the juvenile judge wrote “The Court does not relinquish jurisdiction.”
The mother of B.S. wrote an ex parte letter to the juvenile judge on 18 April 1994 listing problems she was having supervising the child. On 25 April 1994, after receiving this letter and without any notice or hearing, the juvenile judge issued a custody order for B.S. stating that B.S. was “Alleged to have Violated Conditions of Community Control.” The juvenile judge also entered an order requiring HRS to reinstate supervision and to file an “immediate VOCC” pursuant to the letter written by the mother, which was attached to the order. B.S. was taken into custody on 30 April and held in the Orlando Regional Juvenile Detention Center. On 4 May 1994, HRS filed a petition alleging violation of community control.[1] The child was advised of his rights, waived an attorney to represent him and entered a plea of guilty. The child was adjudicated guilty of violation of community control and transferred from secure detention to home detention. B.S. was set for a disposition hearing.
A writ of prohibition would have been proper for several reasons. First, there was no basis for a violation of community control. The juvenile judge had terminated B.S.’ community control on 22 March 1994. Therefore, any act subsequent to 22 March was not a violation of community control. Section 39.054(1)(a)5 allows the juvenile court to place a child on community control until the child’s “19th birthday unless [t]he child is sooner released by the court, on the motion of an interested party or on its own motion.” In this case, the child’s community control *1177 was terminated before the violation petition was filed. HRS notified the court on 18 March 1994 that it “recommends honorable termination of supervision.” The juvenile judge agreed and terminated community control on 22 March 1994. HRS had no authority to file a petition for violation of community control since B.S. was not on community control.
Second, the child was ordered detained without a legal factual basis. This detention violates Juvenile Rule of Procedure 8.005. Rule 8.005 requires a verified petition to be filed, or an affidavit or sworn testimony presented to the court before a judge can issue an order authorizing that a child be taken into custody. In this case, the juvenile judge entered the custody order on 25 April, and the petition alleging violation of community control, was not executed until 4 May 1994. The juvenile judge neither had an affidavit nor did he take sworn testimony prior to issuing the custody order.[2] Thus, the custody order was improperly issued. See also, § 39.042(3), Fla.Stat. (1993).
Finally, B.S. was ordered detained without meeting the criteria of section 39.042, Florida Statutes (1993). This section requires that all court orders regarding the detention of a child be based upon findings by the court that there is a need to detain the child as opposed to some less restrictive placement. § 39.042(2), Fla.Stat. (1993). The custody order made no such finding. Further, after the child was detained, we have nothing in the record before us to show that a risk assessment instrument was completed. See § 39.044(2), Fla.Stat. (1993); R.W. v. Soud, Jr., Judge, 19 Fla.L.Weekly S348, S349 (Fla. June 30, 1994). For these reasons, had a writ of prohibition been timely filed by HRS, the writ would have been granted.

. In its petition for writ of certiorari, HRS argues that the juvenile judge was informed before the petition was filed that HRS had no authority to file a petition for violation of community control because an order terminating community control had been entered by the juvenile court and that order specifically released the child from the supervision of HRS. See § 39.-054(1)(a)5, Fla.Stat. (1993). As noted by my brethren, HRS capitulated to the judge's order. HRS should have considered a writ of prohibition at that time, especially since they had already decided to appeal.

. The letter from B.S.’ mother was not under oath and she did not testify before the juvenile judge.